## THE STATE *v.* ALBERTSON.

The winning of any sum of money however small, at a game with cards, is an indictable offence of which the Circuit Court has exclusive jurisdiction.

Offences punishable by a fine not exceeding three dollars, belong exclusively to the jurisdiction of justices of the peace. Other offences, punishable by a fine which may be more or less than three dollars according to circumstances, are cognizable only by the Circuit Court.

ERROR to the *Marion* Circuit Court.

HOLMAN, J.—Indictment for winning thirty-seven and a-half cents, at a certain game with cards. Indictment quashed on motion by the Circuit Court. Writ of error by the state.

The only question in the case is, whether the offence is indictable in the Circuit Court, or falls exclusively within the jurisdiction of a justice of the peace.

The 74th sec. of the act respecting crimes and punishments states, that "in all offences in this act contained, to which the affixed penalty does not exceed three dollars, exclusive jurisdiction is given to justices of the peace of the proper county." R. C. 1824, p. 150 (1). This act contains a number of offences that are punishable by a fine not exceeding three dollars. All these belong exclusively to the jurisdiction of a justice of the peace. The act specifies many other offences punishable

by fine, which may be more or less than three dollars, according to the circumstances of the case. These do not come within the foregoing provision of the act. The terms of the act refer to offences by their appropriate names, and not to the degree of criminality in the commission of an offence. If the highest penalty for the commission of the offence, by its statutory name, does not exceed three dollars, the jurisdiction thereof belongs exclusively to a justice of the peace; but if a commission of the offence may be punished by a higher fine than three dollars, it does not come within the aforesaid provision, but belongs exclusively to the general jurisdiction of the Circuit Court.

This assignment of jurisdiction is of offences in general terms, and does not depend upon the particular circumstances, which may attend the commission of an offence. And we conceive that this should be the rule by which the jurisdiction should be determined, not only where the amount of the penalty is discretionary in the tribunal that adjudicates upon it; but also where the penalty is to be determined by a statutory criterion, according to the amount which is the subject-matter of the offence, as is the case in the offences of winning or losing, extortion, &c. In these offences, it has been urged that, when the winning or losing does not exceed one dollar and fifty cents, or the sum extorted does not exceed thirty cents, the fine cannot exceed three dollars, and of course that, to this amount, they are assigned exclusively to the jurisdiction of a justice of the peace. But we think that, by a fair construction of the section of the act under consideration, it will be found to embrace those offences only, of which the justice of the peace can take cognizance through all the variations with which they may be committed. And we think that this intention of the legislature is rendered more certain, by the difficulty and uncertainty that would otherwise attend the administration of justice under this part of our criminal code.

It is worthy of notice that the sum, by which the amount of the penalty in these cases is determined, is, of itself, a subject of adjudication, and might be considered greater or smaller, from the same evidence, by one tribunal than by another; so that to fix that sum as a line of demarcation between two dis-

tinct jurisdictions, would in many instances jeopardise the administration of justice: as, in the offence of winning, the justice of the peace might be of opinion that a greater sum than one dollar and fifty cents was won, which would exclude the case from his jurisdiction; and, in the same case, if afterwards heard in the Circuit Court, the jury might find that the sum won did not exceed one dollar and fifty cents, which would exclude the case from the jurisdiction of the Circuit Court. So that although no doubt existed as to the commission of the offence, yet, on account of the different opinions of different tribunals as to the sum involved in the offence, the offender would go unpunished.

In the case before us, the amount said to have been won, as charged in the indictment, is thirty-seven and a-half cents; and so leaves no doubt as to the utmost extent of the penalty; and therefore does not exhibit a full view of the difficulty that would grow out of the rule of determining the jurisdiction by the sum lost or won. But if the sum charged in the indictment, when less than one dollar and fifty cents, would exclude the case from the jurisdiction of the Circuit Court, the same sum found in the verdict of the jury would have the same effect; and as we think it was not the intention of the legislature to introduce this uncertainty as to the jurisdiction of this offence, we cannot think they intended to determine the jurisdiction of the offence by the sum lost or won, although in a particular case like the present, no inconvenience would result from the adoption of such a rule.

We are therefore of opinion that the legislature, in assigning jurisdiction to the justices of the peace, had reference to offences by their statutory names, without any regard to the circumstances of the case by which the amount of the penalty is to be determined. So that as soon as it is known that an individual has committed a particular offence, it will be also known what tribunal has cognizance of that offence. But if the jurisdiction depended on the degree of criminality in the commission of the offence, the proper tribunal that had cognizance of the offence, could not be known until something like an adjudication had taken place; and in many cases the full means of determining the jurisdiction could not be obtained until the matter was under judicial investigation; and a small mistake,

May Term,
1829.

THE STATE
v.
ALBERTSON.

in a sum lost or won, might be fatal to the jurisdiction resorted to.

This division of the offence under consideration, between two distinct jurisdictions, might also place some offenders who were guilty in nearly the same degree, under very different circumstances as it regarded their trial, and the costs to which they might be subjected. The case of one would be assigned to the jurisdiction of a justice of the peace, and the case of the other to the jurisdiction of the Circuit Court, because there was a difference of a few cents in the sums they had lost or won. Beside this, by the 77th sec. of the same act, "all criminal prosecutions, where the penalty shall not exceed three dollars, shall be commenced within thirty days next after the offence is committed;" while the general limitation of criminal prosecutions is two years (2): so that a division of this offence between the two jurisdictions, would place the cases of different persons, who might be guilty of this offence, under different acts of limitation; whereby they might be very differently affected, when there might be but a shade of difference in their criminality; and this difference in the acts of limitation, if they are both applicable to this offence, dependent on the sum lost or won as to which shall embrace any particular case, would greatly increase the difficulty of convicting persons who might be guilty of this offence. We therefore think, that it was the intention of the legislature to give exclusive jurisdiction of this offence to the Circuit Court, and that the indictment in this case should not have been quashed. The case of The State v. M'Cory has been referred to as supporting a contrary rule of construction (3). But that case is predicated upon peculiar expressions in the act of assembly regulating the jurisdiction of justices of the peace; which necessarily requires a peculiar construction, and one that should not be extended beyond the express requirements of that act; and more especially as that act has been questioned, as well on the ground of policy as of constitutionality. But although that decision recognizes a discretionary jurisdiction in justices of the peace in cases of assault and battery, yet that jurisdiction is not exclusive, even to the amount of three dollars. The Circuit Court has jurisdiction in all such cases, if they have not been adjudicated on and finally determined by the justice of the peace.

*Per Curiam.*—The judgment is reversed with costs.   Cause
remanded, &c.

> *Whitcomb*, for the state.
>
> *Caswell*, for the defendant.

(1)  Acc. R. C. 1831, p. 195, sec. 77.

(2)  Acc. R. C. 1831, p. 195, sec. 83, 84.

(3)  Ante, p. 5.