Green, J.
delivered the opinion of the court.
The plaintiff in error was indicted in the Criminal Court of Davidson county, for putting out the eye of William Maxey.
The indictment charges that Chick, “unlawfully and with malice aforethought, in and upon ‘one William Maxey an assault did make, and that the said Reuben Chick, then and there, at the county aforesaid, unlawfully, feloniously, and with malice aforethought, the left eye of the said William Maxey did put out.”
*165 The clause of the statute upon which this indictment is framed is in the following words: “No person shall unlawfully and maliciously put out an eye; slit, cut off', or bite off the nose, ear or lip of another, or any part of either of them, whereby any person shall be maimed or disfigured.”'
The plaintiff in error was found guilty in the court below, and having moved in arrest ofjudgment, which was overruled, he appealed to this court.
The only question is, whether the offence is sufficiently charged in the indictment. The indictment does not charge, that the prosecutor, Maxey; was maimed or disfigured, but only that “the said Reuben Chick, then and there, at the county aforesaid, unlawfully, feloniously, and with malice aforethought, the left eye of the said William Maxey did put out.”
The counsel for the plaintiff in error, insist that the indictment should have charged, that the prosecutor was maimed and disfigured; and that not having been done, it is bad.
It is unquestionably true, that an indictment for mayhem at common law, in addition to the statement of the injury, must also charge, that the party was thereby “maimed.” The word “maimed” is a word of art, which the law has set apart for the description of the offence, which no other word can supply. Hawkins’ P. C. 176, 224: Chit. Crirn. L. 164, 219: 2 Black. 252.
It is admitted by the Attorney General, that this indictment would not be good at common law; but he contended that this indictment charges the offence in the words of the statute; that the clause which forbids the putting out an eye, is separated from the clause that follows, so that the words “whereby any person shall be maimed or disfigured, do not apply to it.
This, in our opinion, is not the true reading of the statute. The sentence must be taken together, and the concluding words must be applied to each description of injury mentioned in it, to which they properly relate. The injuries mentioned are, the putting “out an eye; to slit, cut off, or bite off the nose, ear or lip, whereby any person shall be maimed or disfigured.” Now the word “maimed,” here used, has no application to any of the injuries mentioned, except the putting out an eye.
*166 Slitting, or cutting off the nose, ear or lip, (the other injuries mentioned,) would neither of them, constitute a mayhem; but they would disfigure the person. Hence the statute, in this sentence, having enumerated one injury that is a mayhem, and several others that are not, but only disfigure, concludes very properly, “whereby any person shall be maimed or disfigured.” The true reading of the statute, therefore, is; “No person shall unlawfully and maliciously put out an eye of another,” “whereby any person shall be maimed; or slit, cut off or bite off the nose, ear or lip of another, or any part of either of them, whereby any person shall be disfigured.”
The very words of the statute, therefore, in stating the injury, adds also the word of art, by which the common law designates it. There is, then, nothing in the statute, which authorizes a departure from the requirements of the common law; and although the objection may seem to be one of technical form merely; yet we do not feel at liberty, in cases of felony, to depart from the strictness of legal proceedings, which the wisdom of ages has deemed essential for the protection of the citizen.
The judgment must be arrested, and the defendant must ,be bound to appear at the Criminal Court of Davidson county, to answer such charge as the District Attorney General may prefer against him.