## GUEST VS. THE STATE.

Where a statute describes a particular act or acts, as a crime of a particular grade, it is not necessary, in an indictment upon the statute, after charging the acts, to state the legal conclusion that they amount to the crime of the grade declared. And so an indictment, charging the crime of "maiming," in the words of the statute, is sufficient, although it fails to allege that the party was maimed.

Upon an indictment for maiming the defendant may be convicted of "an aggravated assault and battery—the two offences being of the same generic class, and the former including the latter.

*Appeal from Hot Spring Circuit Court.*

Hon. THEODORIC F. SORRELLS Circuit Judge.

Before Hon. C. C. SCOTT and T. B. HANLY, Judges, and Hon. F. W. COMPTON, Special Judge—Hon. E. H. ENGLISH, Ch. J., not sitting.

WILLIAMS & WILLIAMS, for the appellant.

The indictment in this case is not sufficient as as indictment for maiming. 3 *Chit. Cr. Law* 787; 1 *East. P. C.* 402; ·7 *Mass. R.* 247; *Arch. Cr. Pl.* 450. Words of art which the law has adopted must be used in charging crime. 2 *Hawk. P. C.* 249, 107; 2 *Br. Crown cases*, 29, 85, 95, 389, 412; *McBride vs. State*, 2 *Eng.* 374. The indictment is not good as an indictment for an assault and battery. *The State vs. Derton*, 14 *Ark.* 343; *Dig. chap.* 52, *sec.* 87. The verdict was not responsive to the indictment, because it found the defendant guilty of an aggravated assault, and the indictment contains no charge of using a deadly weapon, which is necessary to support a conviction for an aggravated assault. *Childs et al. vs. The State*, 15 *Ark.* 104; *Dig., ch* 51, *Art.* 6, *p.* 332, *sec.* 2.

JOHNSON, Attorney General, for the State.

Hon. F. W. COMPTON, Special Judge, delivered the opinion of the Court.

The appellant was indicted in the Hot Spring Circuit Court under the provisions of the 51*st chap. Eng. Dig., p.* 329, *title* MAIMING. The indictment charges, with requisite certainty of time and place, that John Guest, in and upon one Sequal Dortch, did feloniously, wilfully, and of his malice aforethought, make an assault; and the said John Guest, wilfully and of his malice aforethought, did then and there, with his fingers, fists, etc., pull, tear, knock and gouge out the right eye of him, the said Sequal Dortch, etc., contrary to the form of the statute, etc.

On this indictment the appellant was tried in the Court below, and the jury found him guilty of "an aggravated assault and battery." He moved in arrest of judgment—his motion was overruled, and he appealed.

The section of the statute upon which the indictment was framed, is in the following words: " If any person shall, wilfully and of his malice aforethought, cut, or bite off the ear, cut out, or in any manner disable the tongue, put out an eye, slit, cut, ,

or bite off the nose or lip of any person, he shall be adjudged guilty of maiming."

The sufficiency of the indictment is questioned, and it is argued by counsel that an indictment for mayhem must not only charge the facts which constitute the injury, but must also charge, as a conclusion from the facts averred, that the party was "maimed." The word "maimed" being a term of art, set apart by the common law, for the description of the offence which no other word can supply.

This we admit to be the ancient rule of the common law. *Hawk. P. C.*, book 2, chap. 23; 2 *Black*. 252; *Whart. Amer. Cr. Law* 144; and it may be conceded that this indictment would not be good at common law. But is it not good upon the statute? Where a statute merely adopts a common law offence, and fixes the punishment without defining the crime, all of the common law requisites should be followed in the indictment; but where a statute describes a particular act, or acts, as a crime of a particular grade, it is not necessary, in an indictment upon the statute, after charging the acts, to state the legal conclusion that they amount to the crime of the grade declared—for such is the conclusion of the law on the facts alleged. *Anderson vs. The State*, 5 *Ark.* 452, 453; *Absence vs. The State*, 4 *Ala.* 397; *Check vs. The State*, 7 *Humph.* 161.

This rule is applicable to the indictment under consideration. If the statute had declared that all persons, guilty of the crime of mayhem, should be punished in a particular manner, without attempting to define the offence, the question might well arise upon an indictment framed on such a statute, whether it was necessary to aver that the party injured was "maimed." Our statute, however, not only fixes the punishment, but, by the 1st, 2d, 3d and 4th sections, declares what acts shall constitute maiming, and although some of the acts enumerated amount to mayhem at common law, and others do not, yet the blending them together in one definition, puts them all on the same legal footing; and, inasmuch as the statute contains all the necessary ingredients to constitute the offence, according to the statutory

definition, it follows that an indictment in the words of the statute is sufficient (*Moffat vs. The State*, 6 *Eng*. 169) without alleging the technical words of art applicable to indictments for the same offence at common law. We think the indictment is good.

The second point made by counsel is, that the verdict of the jury is not responsive to the indictment. We do not think that there is any thing in this point. The jury found the appellant guilty of " an aggravated assault and battery," and assessed his fine, etc. In the case of *Cameron vs. The State*, 13 *Ark*. 712, this Court held " that upon an indictment for a felony, the accused may be convicted of a misdemeanor, where both offences belong to the same generic class, where the commission of the higher may involve the commission of the lower offence, and where the indictment for the higher offence contains all the substantive allegations necessary to let in proof of the misdemeanor." The indictment and conviction in the case before us are clearly within this rule.

There being no error in the record, the judgment must be affirmed with costs, etc.