Filed Nov. 4, 1885.

---

No. 12,697.

THE STATE *v.* FISHER.

CRIMINAL LAW.—*Conviction of Simple Mayhem or Assault and Battery, Under Indictment for Malicious Mayhem.*—Under an indictment for malicious mayhem, the defendant may, if the evidence warrant it, be convicted of simple mayhem, or of an assault and battery. Sections 1834 and 1835, R. S. 1881.

From the White Circuit Court.

*W. C. Smith,* Prosecuting Attorney, *W. S. Hartman, A. W. Reynolds* and *E. B. Sellers,* for the State.

*R. Gregory,* for appellee.

ZOLLARS, J.—Section 1912, R. S. 1881, provides, that whoever purposely and maliciously, with intent to maim or

disfigure, cuts, bites or slits the nose, etc., or puts out or destroys an eye of another person, etc., is guilty of malicious mayhem, and upon conviction thereof shall be imprisoned in the State prison not more than fourteen years, nor less than two years, and be fined not more than $2,000.

The following section, 1913, provides, that whoever violently and unlawfully deprives another of the use of any bodily member, or unlawfully and wilfully disables the eye, etc., of another, is guilty of simple mayhem, and upon conviction thereof shall be fined not more than $2,000, nor less than $5, and shall be imprisoned in the county jail, not more than six months, nor less than twenty days. Appellee was indicted for malicious mayhem.

The indictment charges that he feloniously, purposely and maliciously destroyed the eye of another, with intent thereby, feloniously, purposely and maliciously to maim him.

The court refused instructions asked by the State, which were, in substance, that if the jury were not satisfied by the evidence beyond a reasonable doubt, that appellee was guilty of malicious mayhem, but were convinced by the evidence beyond a reasonable doubt, that he was guilty of simple mayhem, or of an assault and battery, they might acquit him of malicious mayhem, and convict him of simple mayhem or of assault and battery. The court gave the following: "Proof showing the defendant guilty of assault and battery only, or of mere simple mayhem, will not be sufficient to sustain this charge. The question here is, whether the defendant is guilty of the crime of the malicious mayhem with which he is charged." The State excepted to the refusal of its instructions, and to the giving of the court's charge. Appellee was acquitted. The State appeals.

The question presented by the record, and upon which the State asks the judgment of this court is: Can a person charged with malicious mayhem, if the evidence warrants it, be convicted of simple mayhem, or of an assault and battery? We think that question must be answered in the af-

firmative. If a person purposely and maliciously put out or destroy the eye of another, with the intent to maim him, he is guilty of malicious mayhem. If he violently and unlawfully put out or destroy the eye of another, but without malice, he is guilty of simple mayhem, or, it may be, of an assault and battery only, according to the evidence. Malicious intent is the only thing that distinguishes malicious mayhem from simple mayhem. An assault and battery and simple mayhem are necessarily included in malicious mayhem. Add to an assault and battery mayhem and malicious intent. and we have the offence of malicious mayhem. Add to mayhem malicious intent, and we again have malicious mayhem. Malicious mayhem can not be proven without proving necessarily an assault and battery and mayhem.

The statute provides that upon an indictment for an offence consisting of different degrees, the jury may find the defendant not guilty of the degree charged, and guilty of any degree inferior thereto, or of an attempt to commit the offence. R. S. 1881, section 1834. And, further, that in all cases the defendant may be found guilty of any offence, the commission of which is necessarily included in that with which he is charged in the indictment. R. S. 1881, section 1835.

These rules have been often applied in this State. It has been held, that a person charged with rape may be acquitted of that charge, and convicted of an assault and battery, because the charge necessarily includes an assault and battery. See *Mills* v. *State*, 52 Ind. 187, and cases there cited. In that case it was said : " Where the accusation includes an offence of an inferior degree, the jury may discharge the defendant of the higher offence, and convict him of the less atrocious crime. This rule applies in all cases where the minor offence is necessarily an elemental part of the greater, and where proof of the greater necessarily establishes the minor." See, also, *Richie* v. *State*, 58 Ind. 355. And so, it has been held, that upon an indictment for murder in the first or second degree, the defendant may be convicted of voluntary or invol-

untary manslaughter. See *Powers* v. *State*, 87 Ind. 144, and cases there cited. And so, too, it has been held that upon an indictment for an assault and battery with intent to commit murder, there may be a conviction of an assault and battery with intent to commit murder in the second degree, or voluntary manslaughter; or there may be a conviction for an assault and battery only. See *Gillespie* v. *State*, 9 Ind. 380; *State* v. *Throckmorton*, 53 Ind. 354; *Behymer* v. *State*, 95 Ind. 140; *Barnett* v. *State*, 100 Ind. 171.

These cases rest upon the familiar rule, that a defendant may be acquitted of the degree of crime charged, and be found guilty of a degree inferior thereto, and may be acquitted of the specific crime charged and found guilty of any offence, the commission of which is necessarily included in that charged. If any authority, beyond the statements of these rules, and the above authorities, were needed to sustain our conclusion in this case, it is found in the case of *Guest* v. *State*, 19 Ark. 405. That was a prosecution for malicious mayhem under a statute like ours. It was held that the defendant might be acquitted of the charge of malicious mayhem, and convicted of assault and battery.

The learned judge below erred in refusing the instruction asked and in giving the instruction complained of. The appeal is, therefore, sustained, at the cost of appellee.

