Keeling *v.* The State.

No. 13,280.

## KEELING *v.* THE STATE.

CRIMINAL LAW.—*Assault and Battery with Intent to Murder.—Indictment.*— An indictment which charges, in substance, that the defendant unlawfully and feloniously, and in a rude, insolent and angry manner, with premeditated malice and with intent to kill and murder, shot a named person, is good as charging an assault and battery with such intent.

SAME.—*Conviction of One Offence Under Indictment for Another.*—A person charged with an assault and battery with intent to murder, may be convicted of an assault with intent to murder, if the evidence makes such a case.

SAME.—*Conviction of Wrong Offence.—Harmless Error.*—Where the evidence makes a case of mere assault with intent, but the court finds the defendant guilty of an assault and battery with intent, as charged in the indictment, it is an error, but a harmless one, as the punishment for both offences is the same.

From the Marion Criminal Court.

*C. M. Cooper* and *G. W. Hunter,* for appellant.

*F. T. Hord,* Attorney General, and *W. B. Hord,* for the State.

ZOLLARS, J.—It is charged in the indictment, that appellant " did, in a rude, insolent and angry manner, unlawfully and feloniously, touch, strike, shoot and wound one William F. Kennedy," and discharged and fired off a loaded revolver at and against the person of said Kennedy, " with the intent then and there, and thereby, him, the said William F. Kennedy, feloniously, unlawfully, purposely and with premeditated malice, to kill and murder."

After conviction, and the overruling of his motion for a new trial, appellant moved for an arrest of judgment, because of the insufficiency of the indictment. It was held in the case of *Howard* v. *State,* 67 Ind. 401, cited by appellant's counsel, that in order that an indictment may be sufficient as a charge of an assault with intent to murder, there must be an averment of the present ability of the accused to commit the injury. That holding is of no avail to appellant in this case, because, here, the charge is an assault and battery with

intent to murder. It was further held in that case, that an indictment for an assault and battery with intent to murder, in order to be good, must charge that the touching was unlawful, and in either a rude, insolent, or angry manner. In that regard, the indictment before us fully meets all of the requirements of the holding in that case, and in the cases of *Hays* v. *State*, 77 Ind. 450, and *Knight* v. *State*, 84 Ind. 73, also cited by appellant's counsel.

Taking the indictment as a whole, it charges that appellant unlawfully and feloniously, and in a rude, insolent and angry manner, with premeditated malice and with intent to kill and murder, shot Kennedy.

That the indictment is good as a charge of an assault and battery with intent to kill and murder, we think, is beyond question. We do not, therefore, extend this opinion for further elaboration or the citation of authorities. The court below did not err in overruling the motion to arrest the judgment.

There was no evidence of any battery. Appellant shot at but missed Kennedy. If, therefore, the conviction may be upheld, it must be upon the ground that appellant was, and is, guilty of an assault with intent to kill and murder Kennedy. Under our statutes, a person charged with an assault and battery with intent to murder, may be convicted of an assault with intent to murder, if the evidence makes such a case. *Dickinson* v. *State*, 70 Ind. 247; *Siebert* v. *State*, 95 Ind. 471; *State* v. *Fisher*, 103 Ind. 530; *Powers* v. *State*, 87 Ind. 144.

The court below found that appellant was guilty of an assault and battery with intent, etc., as charged in the indictment, but that error in the finding is not such an error as to work any injury to appellant, if he was in fact guilty of an assault with intent, etc., because the punishment in either case is the same. R. S. 1881, section 1909; *Siebert* v. *State*, *supra*.

It is insisted further, that the finding and judgment are not supported by the evidence, because appellant was acting in

self-defence.  There is nothing to show that he was so acting. In the first place, he was the aggressor, and provoked whatever demonstrations towards violence there were on the part of Kennedy.  See *Barnett* v. *State,* 100 Ind. 171.  And in the second place, when the shot was fired, there was no such danger as would justify the shooting.

We have read the evidence carefully, and after having so read it, we can not say that it does not tend to show that appellant fired the shot with the malicious and felonious intent of killing Kennedy.  The record presents no error that would justify this court in reversing the judgment.

Judgment affirmed, with costs.

Filed Oct. 7, 1886.