## McPherson v. State of Indiana.

[No. 22,158. Filed November 26, 1912.]

1. CRIMINAL LAW.—*Questions Reviewable.—Bill of Exceptions.— Restraint of Defendant During Trial.*—Alleged misconduct, consisting of bringing the defendant into court handcuffed and keeping him handcuffed during the trial of the case can be brought into the record by a bill of exceptions only, and, when not so brought in, no question thereon is presented for review.   p. 585.

2. CRIMINAL LAW.—*Trial.—Discretion of Court.—Restraint of Defendant During Trial.*—Whether it is necessary to restrain a prisoner by shackles or manacles during the trial is left to the sound discretion of the trial judge.   p. 585.

3. CRIMINAL LAW.—*Appeal.—Record.—Misconduct of Prosecuting Attorney.—Bill of Exceptions.*—Alleged misconduct of the prosecuting attorney in his argument to the jury can be brought into the record by a bill of exceptions only.   p. 586.

4. CRIMINAL LAW.—Appeal.—Questions Reviewable.—Record.—Bill of Exceptions.—Misconduct of Prosecuting Attorney.—Under §657 Burns 1908, Acts 1897 p. 244, .alleged misconduct of the prosecuting attorney cannot be brought into the record by the original bill of exceptions, since that statute only authorizes the evidence and questions concerning the competency of witnesses and the admissibility of the evidence, to be made a part of the record by such original bill, and no other matters contained therein can be considered on appeal.  p. 586.

5. CRIMINAL LAW.—Appeal.—Review.—Misconduct of Prosecuting Attorney.—Failure to Object in Trial Court.—Even though alleged misconduct of the prosecuting attorney in argument is disclosed by the record, no question thereon is presented for review where defendant neither made a motion to set aside the submission and discharge the jury, nor asked the court to instruct the jury to disregard the statements constituting the alleged misconduct, or to take any other action to counteract the effect thereof.  p. 586.

6. HOMICIDE.—Appeal.—Review.—Harmless Error.—Conviction for Murder in First Degree.—The return of a verdict of guilty of murder in the first degree and fixing the punishment at life imprisonment, where the evidence may have only warranted a finding that defendant was guilty of murder in the second degree, were harmless errors, since the punishment assessed by the jury is the same as that provided by §2238 Burns 1908, Acts 1905 p. 584, §350, for murder in the second degree.  p. 587.

From Criminal Court of Marion County (39,523); Joseph T. Markey, Judge.

Prosecution by the State of Indiana against Arthur Mc Pherson. From a judgment of conviction, the defendant appeals. Affirmed.

W. E. Henderson, for appellant.

Thomas M. Honan, Attorney-General, Thomas H. Branaman, Edwin Corr and James E. McCullough, for the State.

MONKS, C. J.—Appellant was tried and convicted of the offense of murder in the first degree, and his punishment assessed by the jury at imprisonment in the state prison during his life. Over a motion for a new trial, judgment was rendered on the verdict.

It is insisted by appellant in his brief that the court

erred in overruling his motion for a new trial, for the following reasons: (1) "He was brought into court handcuffed, and remained handcuffed during the trial of the case." (2) On account of certain alleged misconduct of the prosecuting attorney in his argument to the jury.

1. It is contended by the Attorney-General "that as there is no bill of exceptions establishing the truth of either of these alleged errors, no, question is presented." Citing *Heath* v. *State* (1910), 173 Ind. 296, 300, 90 N. E. 310.

There is nothing in the record showing that appellant was in any way restrained by manacles or shackles during the trial, or any part thereof. Such matters can be brought into the record only by a bill of exceptions. *Heath* v. *State, supra; State* v. *Smith* (1893), 114 Mo. 406, 423, 21 S. W. 827. It 2. has been held, however, that whether it is necessary for a prisoner to be restrained by shackles or manacles during the trial must be left to the sound discretion of the trial judge. *Faire* v. *State* (1877), 58 Ala. 74, 80, 83, and authorities cited; *Territory of New Mexico* v. *Kelly* (1882), 2 N. M. 292, 302, 306. See, also, *Lee* v. *State* (1875), 51 Miss. 566; *Poe* v. *State* (1882), 10 Lea (Tenn.) 673; *Matthews* v. *State* (1882), 9 Lea (Tenn.) 128, 42 Am. Rep. 667; *State* v. *Williams* (1897), 18 Wash. 47, 50 Pac. 580, 63 Am. St. 869, 39 L. R. A. 821 and note; *People* v. *Harrington* (1871), 42 Cal. 165, 10 Am. Rep. 296; *State* v. *Lewis* (1877), 19 Kan. 260, 27 Am. Rep. 113 and note p. 116; *State* v. *Kring* (1877), 64 Mo. 591; *State* v. *Kring* (1876), 1 Mo. App. 438; *Hauser* v. *People* (1904), 210 Ill. 253, 265, 267, 71 N. E. 416; *Upstone* v. *People* (1883), 109 Ill. 169; *State* v. *Smith* (1883), 11 Or. 205, 8 Pac. 343; *Rainey* v. *State* (1886), 20 Tex. App. 455, 472; *State* v. *Allen* (1898), 45 W. Va. 65, 30 S. E. 209; 13 Central L. J. 426; 2 Bishop, New Crim. Proc. §955; Wharton, Crim. Pl. and Pr. (9th ed.) §§540, 540a; 12 Cyc. 529.

3. The alleged misconduct of the prosecuting attorney can be brought into the record only by a bill of exceptions. *Heath* v. *State, supra,* and cases cited.

4. An original bill of exceptions containing the evidence is embraced in the record under §657 Burns 1908, Acts 1897 p. 244, but no matter contained therein, except the evidence and questions concerning the competency of witnesses and the admissibility of the evidence, can be considered, because said section does not authorize anything else made a part of the record on appeal by such original bill of exceptions. *Curless* v. *State* (1909), 172 Ind. 257, 262, 265, 269, 87 N. E. 129, 88 N. E. 339, and cases cited; *Williams* v. *State* (1908), 170 Ind. 644, 647, 648, 85 N. E. 349, and cases cited; *Marshall* v. *Matson* (1908), 171 Ind. 238, 241, 86 N. E. 339, and cases cited; *Sharp* v. *State* (1903), 161 Ind. 288, 289, 68 N. E. 286; *Walters* v. *State* (1910), 174 Ind. 545, 550, 551, 92 N. E. 537; *Carlson* v. *State* (1896), 145 Ind. 650, 44 N. E. 660; *City of Michigan City* v. *Phillips* (1904), 163 Ind. 449, 453, 71 N. E. 205.

It follows that no question concerning the alleged misconduct of the prosecuting attorney is presented by the record.

5. Moreover, it is not claimed in appellant's brief nor shown by the record that any motion was made by him to set aside the submission and discharge the jury, nor for the court to instruct the jury to disregard the alleged statements of the prosecuting attorney, or asking the court to take any other action to neutralize or counteract the effect of such alleged misconduct. Unless some such action was taken by appellant at the time of such alleged misconduct, he cannot take advantage of it on appeal, and, therefore no question is presented for review in this case, even if the record disclosed the misconduct alleged. *Fowler* v. *Newsom* (1910), 174 Ind. 104, 111, 90 N. E. 9, and cases cited; Ewbank's Manual §49.

It is also insisted by appellant that there is no evidence that the killing was done with premeditated malice. There

was evidence given at the trial which sustained the
6.  verdict of murder in the first degree, as returned by
the jury.   Moreover, if the evidence only authorized
the jury to find appellant guilty of murder in the second
degree, the error was harmless, because the punishment of
imprisonment for life, assessed by the jury, is the same as
that provided by statute for murder in the second degree.
*Keeling* v. *State* (1886), 107 Ind. 563, 564, 8 N. E. 559; 12
Cyc. 934; Gillett, Crim. Law (2d ed.) §239.   See, also,
*Hasenfuss* v. *State* (1901), 156 Ind. 246, 59 N. E. 463; *Gipe*
v. *State* (1905), 165 Ind. 433, 439, 75 N. E. 881, 1 L. R. A.
(N. S.) 419, 112 Am. St. 238; *American Food Co.* v. *Hal-
stead* (1905), 165 Ind. 633, 638, 76 N. E. 251; *Ludwig* v.
*State* (1908), 170 Ind. 648, 655, 85 N. E. 345; *State* v.
*Arnold* (1896), 144 Ind. 651, 659, 42 N. E. 1095, 43 N. E.
871; *Miller* v. *State* (1898), 149 Ind. 607, 620, 49 N. E. 894,
40 L. R. A. 109; *State* v. *Schieller* (1895), 130 Mo. 510, 32
S. W. 976; *Briscoe* v. *State* (1896), 37 Tex. Crim. 464, 36
S. W. 281; *Allen* v. *State* (1881), 37 Ark. 433; *Castlin* v.
*State* (1900), 57 S. W. (Tex. Crim.) 827; *State* v. *Under-
wood* (1904), 35 Wash. 558, 77 Pac. 863.

It follows that there is nothing in the record which sus-
tains the contention that the court erred in overruling the
motion for a new trial.   The judgment is therefore affirmed.

NOTE.—Reported in 99 N. E. 984.   See, also, under (1) 12 Cyc.
845; (3) 12 Cyc. 846; (5) 12 Cyc. 808; (6) 21 Cyc. 1092.   As to
improper argument of counsel in criminal trials, see 9 Am. St. 559;
100 Am. St. 689.   As to the right of a prisoner undergoing trial to
be free from shackles, see 5 Ann. Cas. 959.   As to the right of a
prisoner to appear unmanacled at trial, see 39 L. R. A. 821.