**FILED**
**AUGUST 24, 2021**
**In the Office of the Clerk of Court**
**WA State Court of Appeals, Division III**

IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 37430-1-III |
| | ) | |
| Respondent, | ) | |
| | ) | |
| v. | ) | UNPUBLISHED OPINION |
| | ) | |
| CAMERON ANTHONY SCHUOLER, | ) | |
| | ) | |
| Appellant. | ) | |

PENNELL, C.J. — Cameron Schuoler appeals his sentence for felony violation of a no-contact order. We reverse the sentence and remand for resentencing.

FACTS

A jury convicted Mr. Schuoler of felony violation of a court order, domestic violence. The offense involved Mr. Schuoler placing a jail phone call to a party protected by a domestic violence restraining order.

At sentencing, Mr. Schuoler entered the courtroom in handcuffs. His attorney asked for the handcuffs to be removed. The trial court denied this request after a colloquy

with the courtroom correctional officer. The officer explained Mr. Schuoler was a maximum custody inmate and he was kept in restraints pursuant to jail policy. The officer reported Schuoler had jail infractions for threats to staff, misuse of medications, and incidents of defiance. The court noted Mr. Schuoler had never exhibited any behavioral problems in court, including during his jury trial.

After providing the court with a proposed judgment and sentence, the State argued Mr. Schuoler had an offender score of five based on five prior convictions, entailing a standard range sentence of 33 to 43 months in prison. In support of this argument, the State produced certified copies of two felony judgments and sentences for robbery and theft, and three misdemeanor judgments and sentences for one count of fourth degree assault and two counts of violation of a no-contact order. Mr. Schuoler had pleaded guilty in each of his misdemeanor cases.

The judgment and sentence forms for the three misdemeanors provide as follows:

- A 2012 judgment and sentence states Mr. Schuoler was convicted of one count of "Assault DV" and included a $100 "Domestic Violence" or "DVA" fine. Clerks Papers at 44. The judgment does not specify whether domestic violence had been pleaded and proved.

2

- Judgments from 2013 and 2019 state Mr. Schuoler was convicted of one misdemeanor count of violation of a court order—"DV." Ex. 2, 3. The two pre-printed judgment and sentence forms had a box checked, stating "Domestic Violence was plead[ed] and prove[d]."[1] *Id.*

Mr. Schuoler stipulated to having the two felony convictions for robbery and theft, as well as three misdemeanor convictions for violation of a court order and fourth degree assault. However, he contested whether the State had shown domestic violence was both pleaded and proved in the three misdemeanors. The trial court ruled in the State's favor.

Mr. Schuoler argued for an exceptional sentence downward based on the protected party's willingness to participate in his jail call. The court denied this request.

Mr. Schuoler now appeals.

## ANALYSIS

*Proof of prior convictions*

Mr. Schuoler's current conviction qualifies as a domestic violence offense. When sentencing for this type of offense, the court must include offender score points

---

[1] At sentencing, Mr. Schuoler proffered probable cause materials for the 2013 conviction. The materials state Mr. Schuoler's offense conduct was domestic violence related. The materials do not include a charging document, although a copy of the criminal citation for the offense is included. The citation has a box checked that states "DV." Ex. A at 1.

for "each adult prior conviction for a repetitive domestic violence offense as defined in RCW 9.94A.030, where domestic violence as defined in RCW 9.94A.030, was pleaded and prove[d]." RCW 9.94A.525(21)(d). The State has the burden to "introduce evidence of some kind to support the alleged" offender score. *State v. Ford*, 137 Wn.2d 472, 480, 973 P.2d 452 (1999). We review de novo whether this burden has been met. *State v. Moeurn*, 170 Wn.2d 169, 172, 240 P.3d 1158 (2010).

At issue on appeal is whether Mr. Schuoler's three misdemeanor convictions were properly included in his offender score under RCW 9.94A.525(21)(d). Specifically, the question is whether the State presented sufficient evidence to show domestic violence was both pleaded and proved for each of the prior convictions. We conclude the State's evidence was sufficient as to the 2013 and 2019 convictions, but not the 2012 conviction.

The judgment and sentence forms for the 2013 and 2019 convictions both state domestic violence was pleaded and proved. Nothing in the additional materials proffered by Mr. Schuoler at sentencing with regard to the 2013 conviction undermine these assertions. While the State could have offered the charging documents to provide conclusive proof that domestic violence had been pleaded in both cases, the statement on each judgment and sentence form that domestic violence had been pleaded and proved was sufficient for the State to meet its burden.

4

The limited documentation submitted regarding the 2012 conviction is different. While the 2012 judgment and sentence indicates domestic violence was proved, it does not state domestic violence was also pleaded. As pointed out by the trial court, statements on a judgment and sentence form sometimes stray beyond the wording of a charging document. Perhaps for this reason, the legislature chose to require not only that domestic violence be proved but that it also have been pleaded. The wording on the 2012 judgment and sentence form indicating the State had proved a case of domestic violence does not mean domestic violence was also pleaded. The existing paperwork is therefore insufficient to meet the State's burden of proof. The sentence must therefore be reversed and we remand for resentencing. At resentencing, consistent with RCW 9.94A.530(2), the State may introduce additional evidence regarding Mr. Schuoler's 2012 conviction.

*Physical restraints in the courtroom*

In addition to challenging his criminal history score, Ms. Schuoler claims the trial court erroneously required him to remain in restraints during his sentencing hearing. Alleged constitutional violations are generally reviewed de novo. *State v. Jackson*, 195 Wn.2d 841, 850, 467 P.3d 97 (2020). "However, because the decision on whether to shackle a defendant is vested within the discretion of the trial court, we review the decision of whether to shackle for an abuse of discretion." *Id.*

Article I, section 22 of the Washington Constitution protects the right of a defendant to appear in court unrestrained "unless some impelling necessity demands the restraint of [the defendant], to secure the safety of others and his own custody." *State v. Williams*, 18 Wash. 47, 51, 50 P. 580 (1897). A court must first consider other, less restrictive alternatives to physical restraints prior to ordering a defendant to be restrained as a measure of "'last resort.'" *State v. Finch*, 137 Wn.2d 792, 850, 975 P.2d 967 (1999) (plurality opinion) (quoting *Illinois v. Allen*, 397 U.S. 337, 344, 90 S. Ct. 1057, 25 L. Ed. 2d 353 (1970)). The court's duty to assess the necessity of restraints applies at "all stages of the proceedings." *Jackson*, 195 Wn.2d at 845.

The following factors govern whether a defendant needs to be shackled during a particular proceeding:

> "[T]he seriousness of the present charge against the defendant; defendant's temperament and character; his age and physical attributes; his past record; past escapes or attempted escapes, and evidence of a present plan to escape; threats to harm others or cause a disturbance; self-destructive tendencies; the risk of mob violence or of attempted revenge by others; the possibility of rescue by other offenders still at large; the size and mood of the audience; the nature and physical security of the courtroom; and the adequacy and availability of alternative remedies."

*Id*. at 853 (alteration in original) (quoting *State v. Hutchinson*, 135 Wn.2d 863, 887-88, 959 P.2d 1061 (1998), *abrogated in part on other grounds by Jackson*, 195 Wn.2d at 855-56).

6

"The trial court must base its decision to physically restrain a defendant on evidence which indicates that the defendant poses an imminent risk of escape, that the defendant intends to injure someone in the courtroom, or that the defendant cannot behave in an orderly manner while in the courtroom." *Finch*, 137 Wn.2d at 850. "To do otherwise is an abuse of the trial court's discretion." *Id*. "A concern that a defendant is 'potentially dangerous' is not sufficient to warrant the restraint of the defendant." *Id*. at 852 (quoting *State v. Hartzog*, 96 Wn.2d 383, 400, 635 P.2d 694 (1981)).

The judge administering Mr. Schuoler's sentencing ordered he appear in restraints out of deference to jail policy and the courtroom correctional officer. This reasoning is not consistent with the applicable case law. *See Jackson*, 195 Wn.2d at 857 ("use of blanket jail policies and shacking without an individualized inquiry" violates "established law"); *Finch*, 137 Wn.2d at 853 ("deference given to the correctional officers is error"). At Mr. Schuoler's resentencing hearing, the court shall reassess the question of whether Mr. Schuoler should remain in restraints, pursuant to the standards and authorities set forth in this decision.

## CONCLUSION

Mr. Schuoler's sentence is reversed and we remand for resentencing. Because we are ordering resentencing, we need not address Mr. Schuoler's argument that the court

7

No. 37430-1-III
*State v. Schuoler*

failed to consider his request for an exceptional sentence downward. A new request may be made at resentencing.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

_____, C.J.
Pennell, C.J.

WE CONCUR:

_____
Siddoway, J.

_____
Fearing, J.

8