# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON, | No. 49709-3-II |
| Respondent, | |
| v. | |
| WILLIAM EDWARD LUNDSTROM, | PUBLISHED OPINION |
| Appellant. | |

LEE, A.C.J. — William E. Lundstrom appeals his sentence for two counts of unlawful possession of a controlled substance and the legal financial obligations (LFOs) imposed against him. Lundstrom argues that his pretrial appearance in restraints violated his due process rights, but he does not seek any relief due to any alleged violation of his due process rights. Rather, Lundstrom argues only that we address his claim as a matter of continuing and substantial public interest. Lundstrom also argues that the trial court abused its discretion in imposing LFOs against him.

Because pretrial restraint is an issue of continuing and substantial interest, we address whether Lundstrom's pretrial restraint violated his due process rights despite the fact that Lundstrom does not seek any relief. And we hold that Lundstrom's pretrial restraint violated due process. As to the LFO challenge, we remand to the trial court for application of recent legislative

amendments to the LFO statutes, consistent with *State v. Ramirez*, 191 Wn.2d 732, 426 P.3d 714 (2018).

FACTS

The State charged Lundstrom with two counts of unlawful possession of a controlled substance. At a preliminary appearance, Lundstrom appeared in restraints. Before the proceeding ended, defense counsel stated, "I do take exception to the gentleman being—looks like five-point shackles without an independent fiduciary [sic] determination of the appropriateness of that." Verbatim Report of Proceedings (VRP) (Nov. 9, 2016) at 32. The trial court did not respond to defense counsel's statement.

Lundstrom subsequently filed a motion objecting to the restraints and requesting removal of the shackles. The motion included a certified statement from defense counsel, which stated that he had made a public disclosure request with the Clallam County Sheriff's Office (CCSO) for their policies and discovered that CCSO policy 15.106.1 required all inmates to be brought to court in full restraints (waist chain, cuffs, and leg irons) for their first appearance. There is no record showing whether Lundstrom noted the motion for hearing before the trial court, whether the trial court held a hearing on the motion, or whether the trial court ruled on the motion.

Lundstrom pleaded guilty to two counts of unlawful possession of a controlled substance. At sentencing, Lundstrom objected to the imposition of any LFOs, including any community custody fees. Lundstrom's only source of income was his social security disability benefits. The trial court imposed a $500 crime victim assessment, a $200 criminal filing fee, and a $100 DNA collection fee. The trial court also ordered Lundstrom to "pay supervision fees as determined by

No. 49709-3-II

[the Department of Corrections]" based on the trial court's belief that the supervision fees were mandatory. Clerk's Papers (CP) at 20. Lundstrom appeals his sentence.

ANALYSIS

A.    PRETRIAL RESTRAINT

Lundstrom argues that his pretrial restraint violated his due process rights because the trial court failed to make an individualized determination on the necessity of restraints.[1] We agree.

1.    Continuing and Substantial Public Interest

Lundstrom does not seek any relief due to any alleged violation of his due process rights and argues only that we should address his claim as a matter of continuing and substantial public interest. Generally, we do not consider claims that are moot or present only abstract questions. *State v. Beaver*, 184 Wn.2d 321, 330, 358 P.3d 385 (2015). However, we have the discretion to decide an issue if the question is one of continuing and substantial public interest. *Id.*

Our Supreme Court held that

> To determine whether a case presents an issue of continuing and substantial public interest, we consider three factors: "[(1)] the public or private nature of the question presented, [(2)] the desirability of an authoritative determination for the future guidance of public officers, and [(3)] the likelihood of future recurrence of the question."

*Id.* (alteration in original) (internal quotation marks omitted) (quoting *State v. Hunley*, 175 Wn.2d 901, 907, 287 P.3d 584 (2012)). "The continuing and substantial public interest exception has been used in cases dealing with constitutional interpretation, the validity of statutes or regulations,

---

[1] The State argues that the record is insufficient for us to review the issue. We disagree. The record includes a transcript of the pretrial proceeding where defense counsel took exception to the restraints and the motion defense counsel subsequently filed objecting to the restraints. Therefore, the record is sufficient for review.

3

and matters that are sufficiently important to the appellate court." *Id.* at 331. The exception is not used in fact-specific cases. *Id.*

Here, all factors weigh in favor of addressing Lundstrom's claim. First, claims involving constitutional or statutory issues, such as the pretrial restraint challenge here, are public in nature. *See Id.*. Second, a determination of the pretrial restraint issue is desirable to provide guidance to public officers on the use of pretrial restraints in the future. Third, the issue is likely to recur as the pretrial restraint policies of the CCSO will continue to affect future defendants brought before the Clallam County Superior Court for pretrial hearings. Therefore, we address whether Lundstrom's pretrial restraint violated due process.

### 2. Due Process

We review constitutional claims de novo. *State v. Gresham*, 173 Wn.2d 405, 419, 269 P.3d 207 (2012). Our state constitution provides that "[i]n criminal prosecutions the accused shall have the right to appear and defend in person." WASH. CONST. art. I, § 22. The right to appear and defend in person includes "the use of not only his mental but his physical faculties unfettered, and unless some impelling necessity demands the restraint of a prisoner to secure the safety of others and his own custody, the binding of the prisoner in irons is a plain violation of the constitutional guaranty." *State v. Williams*, 18 Wash. 47, 51, 50 P. 580 (1897).

Our Supreme Court has "long recognized that a prisoner is entitled to be brought into the presence of the court free from restraints." *State v. Damon*, 144 Wn.2d 686, 690, 25 P.3d 418 (citing *Williams*, 18 Wash. at 50), *as modified*, 33 P.3d 735 (2001). "[R]egardless of the nature of the court proceeding or whether a jury is present, it is particularly within the province of the trial court to determine whether and in what manner shackles or other restraints should be used." *State*

*v. Walker*, 185 Wn. App. 790, 797, 344 P.3d 227 (addressing the defendant's right to be free from restraints at sentencing), *review denied*, 183 Wn.2d 1025 (2015). Restraints are disfavored because they may interfere with important constitutional rights, "including the presumption of innocence, privilege of testifying in [sic] one's own behalf, and right to consult with counsel during trial." *State v. Hartzog*, 96 Wn.2d 383, 398, 635 P.2d 694 (1981).

But a defendant's right to be in court free from restraints is not limitless. *Walker*, 185 Wn. App. at 800. The right may yield to courtroom safety, security, and decorum. *Id*. A defendant may be restrained if necessary to prevent injury, disorderly conduct, or escape. *Id*.

The trial court is vested with the discretion to provide for courtroom security in order to ensure the safety of court officers, parties, and the public. *State v. Turner*, 143 Wn.2d 715, 725, 23 P.3d 499 (2001). The trial court must exercise discretion in determining the extent to which courtroom security measures are necessary and its decision must be founded upon a factual basis set forth in the record. *State v. Finch*, 137 Wn.2d 792, 846, 975 P.2d 967, *cert. denied*, 528 U.S. 922 (1999). The trial court should allow restraints only after conducting a hearing and entering findings on the record sufficient to justify their use on a particular defendant. *Walker*, 185 Wn. App. at 800. Failing to exercise its discretion constitutes constitutional error. *See State v. Clark*, 143 Wn.2d 731, 775, 24 P.3d 1006, *cert. denied*, 534 U.S. 1000, (2001) ("[W]here no balancing or analysis as to the need to restrain [the defendant] was done, his shackling was constitutional error.").

Here, the trial court abused its discretion and committed constitutional error when it failed to address the issue of Lundstrom's pretrial restraint. Although Lundstrom may have failed to note his motion for hearing, defense counsel nonetheless raised the issue when he took exception to the

use of pretrial restraints. The trial court failed to respond or otherwise address the particular use

of restraints on Lundstrom or the CCSO policy on restraints. By failing to do so and allowing

Lundstrom to be restrained, the trial court failed to exercise its discretion and effectively deferred

the decision to the CCSO policy. *See Hartzog*, 96 Wn.2d at 400 ("A broad general policy of

imposing physical restraints upon prison inmates charged with new offenses because they may be

'potentially dangerous' is a failure to exercise discretion.") (quoting *People v. Duran*, 16 Cal. 3d

282, 545 P.2d 1322, 127 Cal. Rptr. 618, 90 A.L.R.3d 1 (1976)); *see also State v. Jaquez*, 105 Wn.

App. 699, 709, 20 P.3d 1035 (2001) ("[T]he sole reason for the trial court's allowing the use of

restraints was because it was general jail policy. . . . [A] court's decision to defer to the security

policy of correctional officers is unjustifiable."). As a result, the trial court abused its discretion

and committed constitutional error by failing to make an individualized inquiry into the necessity

for pretrial restraints when Lundstrom took exception to the use of pretrial restraints. Therefore,

we hold that Lundstrom's due process rights were violated by his pretrial restraint.[2]

---

[2] Because Lundstrom does not request relief resulting from any violation of his due process rights, our inquiry ends with a determination that his due process rights were violated by his pretrial restraints.

Generally, an error that violates a defendant's constitutional right is presumed to be prejudicial. *Finch*, 137 Wn.2d at 859. But the State can overcome the presumption by showing the error was harmless beyond a reasonable doubt. *Finch*, 137 Wn.2d at 859. "A claim of unconstitutional shackling is subject to harmless error analysis." *State v. Hutchinson*, 135 Wn.2d 863, 888, 959 P.2d 1061 (1998), *cert. denied*, 525 U.S. 1157 (1999). The likelihood of prejudice is significantly reduced in a proceeding without a jury. *State v. E.J.Y.*, 113 Wn. App. 940, 952, 55 P.3d 673 (2002). There is a presumption that the trial court properly discharged its official duties without bias or prejudice. *In re Pers. Restraint of Davis*, 152 Wn.2d 647, 692, 101 P.3d 1 (2004).

Here, even though the trial court erred, the error was harmless beyond a reasonable doubt. Lundstrom pleaded guilty and waived his rights to a public trial by an impartial jury and to the presumption of innocence. Thus, those rights could not have been violated. In pleading guilty,

B.    LEGAL FINANCIAL OBLIGATIONS

Lundstrom argues that the trial court abused its discretion when it imposed LFOs and LFO payment terms.  In light of recent statutory amendments, we remand the LFO issue to the trial court.

The legislature recently amended former RCW 36.18.020(2)(h), and as of June 7, 2018, trial courts are prohibited from imposing the $200 criminal filing fee on defendants who are indigent at the time of sentencing.  Laws of 2018, ch. 269, §17; *Ramirez*, 191 Wn.2d 732.  Our Supreme Court has held that the amendment applies prospectively and is applicable to cases pending on direct review and not final when the amendment was enacted.  *Id.* at 747.  The legislature also recently amended former RCW 43.43.7541, and as of June 7, 2018, states, in part:

> Every sentence imposed for a crime specified in RCW 43.43.754 must include a fee of one hundred dollars unless the state has previously collected the offender's DNA as a result of a prior conviction.

In light of the recent statutory amendments and the court's holding in *Ramirez*, we reverse the imposition of LFOs and remand to the trial court to impose LFOs consistent with the recent legislative amendments.[3]

---

Lundstrom also agreed to the recommendations of the State, including the imposition of an exceptional sentence.  Thus, there was no prejudice in regards to sentencing because the trial court followed the sentencing recommendation Lundstrom agreed to in his plea agreement. Furthermore, Lundstrom was restrained pretrial, outside the presence of a jury. The likelihood of prejudice is substantially reduced when a jury is not present and the trial court is presumed to discharge its duties without prejudice. *E.J.Y.*, 113 Wn. App. at 952; *Davis*, 152 Wn.2d at 692. Therefore, the error regarding Lundstrom's pretrial restraint was harmless.

[3] We also note that, although the trial court intended to impose only mandatory LFOs, it imposed costs of community custody, which are discretionary LFOs.  RCW 9.94A.703(2)(d) ("*Unless waived by the court* . . . the court shall order an offender to . . . [p]ay supervision fees as determined by the department.") (emphasis added).

7

CONCLUSION

We hold that Lundstrom's pretrial restraint violated his due process rights. We reverse imposition of LFOs and remand for the trial court to impose LFOs consistent with the recent legislative amendments to the LFO statutes.

, A.C.J.

Lee, A.C.J.

We concur:

Bjorgen, J.

Melnick, J.