IN THE COURT OF APPEALS FOR THE STATE OF WASHINGTON

| | |
|---|---|
| STATE OF WASHINGTON,<br><br>     Respondent,<br><br>v.<br><br>TERRELL D. LILLY,<br><br>     Appellant. | No. 78709-8-I<br><br>DIVISION ONE<br><br>UNPUBLISHED OPINION<br><br>FILED: November 18, 2019 |

LEACH, J. — Terry Lilly appeals his judgment and sentence. He claims that the trial court should not have imposed a community supervision cost and misstated the law about his right to possess a firearm when sentencing him. We reject his challenge to the court's comments but remand to the trial court to strike the community supervision cost.

## BACKGROUND

Terrell Lilly pleaded guilty to first degree assault and second degree robbery. At sentencing, the trial court stated, "I am waiving all non-mandatory costs and fees; I'm positive that Terrell doesn't really have financial resources." The judgment and sentence requires that Lilly "[p]ay supervision fees as determined by the Department of Corrections."

During the sentencing hearing, the trial court informed Lilly that it is "illegal now for you in Washington forever. You cannot ever have a gun in our state." The court also stated that he "can't get back the right to have a gun in our state." Lilly appeals the judgment and sentence.

ANALYSIS

Community Supervision Cost

Lilly challenges the court's order for Lilly to "[p]ay supervision fees as determined by the Department of Corrections." Because he is indigent and the court "waiv[ed] all non-mandatory costs and fees," he asks this court to strike the community supervision fee that he claims is a nonmandatory cost.

The State responds that the community supervision fee is a "fee" and not a "cost." However, this court has already held that "costs of community custody . . . are discretionary LFOs."[1] And RCW 10.01.160 prohibits courts from imposing discretionary costs on a defendant who is indigent at the time of sentencing.[2] Because Lilly is indigent and the community supervision cost is discretionary, we remand for the superior court to strike the community supervision cost.

---

[1] State v. Lundstrom, 6 Wn. App. 2d 388, 396 n.3, 429 P.3d 1116 (2018), review denied, 193 Wn.2d 1007 (2019).
[2] RCW 10.01.160(3); State v. Ramirez, 191 Wn.2d 732, 746, 426 P.3d 714 (2018).

## Sentencing Comments

Lilly asserts that the trial court incorrectly stated the law in advising Lilly that he could never possess a firearm again and this court should strike the trial court's comments. Lilly is correct about the law. He may regain his right to possess a firearm if his conviction is pardoned, annulled, or receives a certificate of rehabilitation or other equivalent procedure. But Lilly does not ask for any material relief that this court can provide. He only asks that this court strike the trial court's comments that do not have the force of law and have no effect on Lilly's judgment or sentence. Also, the court advised Lilly of his ability to regain his right to possess a firearm in his guilty plea statement.[3] So we deny his request to strike the comments.

## CONCLUSION

We reject Lilly's challenge to the trial court's oral comments about his gun rights but remand for the superior court to strike the community supervision cost.

_Leach, J._

WE CONCUR:

_Appelwick, C.J._

---

[3] "This plea of guilty will result in the revocation of my right to possess, own, or have in my control any firearm unless my right to do so is restored by a superior court in Washington State, and by a federal court if required."

3