IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 36689-8-III |
| | ) | |
| Respondent, | ) | |
| | ) | |
| v. | ) | UNPUBLISHED OPINION |
| | ) | |
| GLORIA R. REDMANN, | ) | |
| | ) | |
| Appellant. | ) | |

FEARING, J. — Gloria Redmann pled guilty to manslaughter in the first degree. During her sentencing, the trial court imposed legal financial obligations, some of which Redmann challenges on appeal. For the reasons stated below, we remand with instructions for the lower court to conduct hearing pursuant to *State v. Blazina*, 182 Wn.2d 827, 344 P.3d 680 (2015).

As part of the judgment and sentence, the sentencing court imposed a $200 criminal filing fee and also ordered Gloria Redmann to pay community custody supervision fees as determined by the Department of Corrections. The court imposed the costs respectively under with RCW 36.18.020(2)(h) and RCW 9.94A.703(2)(d).

RCW 36.18.020(2)(h) prohibits the sentencing court from imposing the $200 filing fee on defendants who are indigent at the time of sentencing. RCW 10.01.160(3)

prohibits courts from imposing costs on a defendant who is indigent at the time of sentencing. In her briefing to this court, Gloria Redmann refers this court to published and unpublished cases extending RCW 10.01.160(3) to supervision costs imposed under RCW 9.94A.703(2)(d). *See State v. Lundstrom*, 6 Wn. App. 2d 388, 396 n.3, 429 P.3d 1116 (2018).[1]

Although these statutory provisions were not in effect when Gloria Redmann committed her crime, our Supreme Court has interpreted these provisions to apply retroactively to cases not yet final at the time the amendments went into effect. *State v. Ramirez*, 191 Wn.2d 732, 426 P.3d 714 (2018). Accordingly, Redmann seeks retroactive relief under *Ramirez*.

The State contends that we should not review these issues because Gloria Redmann agreed to, rather than objected to, the imposition of the challenged legal financial obligations before the sentencing court. But, Redmann and the sentencing court lacked the benefit of *Ramirez* at the time of sentencing. Had the Supreme Court already decided *Ramirez*, the statutes would have prohibited the sentencing court from imposing the financial obligations, assuming Redmann is indigent. We question whether Redmann would have agreed to their imposition, given that plea deals typically are not

---

[1] The State argues that RCW 10.01.160(3) does not apply to RCW 9.94A.703(2)(d). Because we remand for further development of the record, we decline to review this argument in the first instance. In the event Ms. Redmann is found indigent, the State may present its legal argument to the trial court.

preconditioned on agreements to pay nonrestitution LFOs.  Accordingly, we exercise our discretion to review this unpreserved error.  RAP 18.8(a).

This court must next determine whether Gloria Redmann was indigent at the time of sentencing.  The legal financial obligation statutes define indigency by reference to RCW 10.101.010(3)(a)-(c) and exclude indigency as defined by subsection (3)(d).  The record before this court does not reflect whether Redmann was receiving any means-tested public assistance or was involuntarily committed to a public mental health facility, the requirements for a finding of indigency under RCW 10.101.010(3)(a) and (b).  Nor does the record indicate whether Redmann accrued an annual income at or below 125 percent of the then-in-effect federal poverty level, the requirement for a finding of indigency under RCW 10.101.010(3)(c).  To the contrary, the record from Redmann's first appearance shows that Redmann received a fixed income of $2,000 a month in a two-person household, 142 percent of the then-in-effect federal poverty level for a two-person household.  Thus, the trial court likely found Redmann indigent and appointed counsel under RCW 10.101.010(3)(d), a statute that does not qualify her for mandatory relief from legal financial obligations under RCW 36.18.020(2)(h) and RCW 9.94A.703(2)(d).

We only have some evidence of Gloria Redmann's income at the time of her first appearance and lack evidence of her income at the time of sentencing.  Therefore, we decline to answer whether Redmann qualified for relief from legal financial obligations.

3

No. 36689-8-III
*State v. Redmann*

More importantly, we are not a court of first instance and should not render a ruling without an adequate record from the trial court. Under *Blazina*, the lower court should question the offender about her income at the time of sentencing. This did not occur. Accordingly, we remand with instructions for the lower court to conduct a *Blazina* inquiry and to amend the judgment and sentence as necessary to comply with *Ramirez*.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

_____
Fearing, J.

WE CONCUR:

_____
Korsmo, J.

_____
Pennell, A.C.J.

4