IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | NO. 78379-3-I |
| | ) | |
| Respondent, | ) | DIVISION ONE |
| | ) | |
| v. | ) | |
| | ) | UNPUBLISHED OPINION |
| DERRICK DWAYNE BRANCH, | ) | |
| | ) | |
| Appellant. | ) | FILED: February 18, 2020 |
| | ) | |

LEACH, J. — Derrick Dwayne Branch appeals his convictions for domestic violence felony violation of a court order and rape in the second degree-domestic violence. First, he challenges the trial court's exclusion of evidence of the victim's actions outside of the courtroom during trial. He also claims that the trial court did not exercise available discretion to consider an exceptional sentence down. Finally, he asserts the trial court erred by imposing the community custody supervision cost on him.

Branch offered the evidence of the victim's actions outside of court as propensity evidence. Because Branch cannot show that ER 404(b) is "arbitrary or disproportionate to the purpose it was designed to serve,"[1] his constitutional challenge to the rule as applied fails. But the sentencing court incorrectly

[1] State v. Donald, 178 Wn. App. 250, 263, 316 P.3d 1081 (2013).

decided it did not have discretion to impose an exceptional sentence down. Also, the court should not have imposed the supervision cost on Branch because he is indigent. So we affirm his convictions but remand for resentencing.

FACTS

Derrick Dwayne Branch and S.M. met in February 2015 and began a romantic relationship. After S.M. moved in with Branch, she returned home with physical injuries. On July 1, 2015, Valley Medical Center emergency department treated S.M., where she reported that her boyfriend attacked and raped her.

On June 1, 2016, S.M. reported domestic violence at the Des Moines Police Department. The next day, the Des Moines Police Department responded to a 911 call, where S.M. reported that her boyfriend choked her. She was transported to the emergency room at Highline Medical Center where she reported that her boyfriend physically and sexually abused her during their relationship. S.M. went to Des Moines Police Department again on June 3, 2016, and reported more details about the prior rape and abuse from her boyfriend.

S.M. then obtained a protection order against Branch. On numerous occasions, Branch was seen with S.M. after the court entered a no-contact order.

The State charged Branch with four counts of assault, three counts of violation of a no-contact order, and one count of rape.

At trial, S.M. testified that Branch never assaulted or raped her. She explained that her injuries were either caused by someone other than Branch or by herself when she would attack Branch and he would defend himself.

The court ordered that S.M. not enter the courtroom during trial. S.M. tried to enter the courtroom during trial while a defense witness was testifying. Officer Neher stepped outside the courtroom after seeing S.M. and told her that she was not allowed in the courtroom per the court's order. As Officer Neher radioed for assistance, S.M. shoved him into the door and then shoved him to the side to try to get inside the courtroom. After additional officers arrived, S.M. spit on multiple officers. She repeatedly yelled, "He's trying to kill me."

At trial, Branch asked the court to admit evidence of S.M.'s behavior outside of the courtroom to "rehabilitate [S.M.'s] credibility as to what she does when she does not get what she wants." He said that her conduct was "probative of truthfulness." He also said that her conduct was relevant to Branch's theory of self-defense.

The court excluded the evidence. It stated that her actions were relevant "because they made her testimony that she was the first aggressor on a number of occasions—it bolstered that testimony, it made that testimony more believable." But it concluded that the evidence was propensity evidence and the rules "don't really allow any wiggle room to admit."

The jury found Branch guilty of domestic violence felony violation of a no-contact order and domestic violence rape in the second degree. At sentencing, defense counsel requested an exceptional sentence down on both counts. Branch asserted that his failed defenses of self-defense and consent provided the legal basis for this exceptional sentence. During the sentencing hearing, the trial court noted Branch's history, including a brain injury he suffered where he "had bleeding in [his] brain" and was "in a coma for a period of time." It expressed uncertainty about the causal connection between the high-conflict relationship of S.M. and Branch and his head injury or trauma. It speculated that Branch's experiences could have affected his ability to have healthy relationships and affected his ability to control himself.

The court ultimately concluded,

> [N]othing that I've just described seems to be a valid basis under the law for the Court to impose an exceptional sentence down; so what I'm left with is [Branch's] argument about failed defenses, and I do not believe that this is an appropriate basis for the Court to grant an exceptional sentence down."

The court stated twice that if it "had unlimited discretion," it would reduce the sentence. It stated, "[G]iven your history, [the sentencing range] strikes me as too high, but I don't believe that I have a legal basis to exercise discretion to sentence you to something below that."

-4-

After concluding that Branch was indigent, the court ordered Branch to "[p]ay supervision fees as determined by the Department of Corrections." Branch appeals.

ANALYSIS

Branch raises three issues. First, he claims that the exclusion of evidence about S.M.'s actions outside the courtroom violated his constitutional right to present a defense. Second, he claims that the trial court had the right to impose an exceptional sentence and would have if it correctly understood its authority. Finally, he contends that his indigency prevents the imposition of supervision fees. We reject Branch's constitutional claim but agree with his other claims.

Exclusion of Victim's Conduct during Trial

Branch claims that his constitutional right to present a defense entitled him to present evidence of S.M.'s actions outside of the courtroom during trial. He claims that this evidence was directly relevant to S.M.'s testimony that she assaulted Branch and made false accusations against him. We disagree because the offered evidence was propensity evidence inadmissible under ER 404(b).

We review de novo a claimed violation of a defendant's right to present a defense under the Sixth Amendment of the United States Constitution.[2]

---

[2] State v. Jones, 168 Wn.2d 713, 719, 230 P.3d 576 (2010).

A criminal defendant has a constitutional right to question witnesses, offer evidence in his or her defense, and present a defense consisting of relevant evidence that is not otherwise inadmissible.[3] An evidence rule violates this constitutional right "when it infringes on a weighty interest of the defendant and is arbitrary or disproportionate to the purpose it was designed to serve. But the defendant's right to present a defense also has limits."[4] The defendant's right is subject to reasonable restrictions and must yield to "established rules of procedure and evidence designed to assure both fairness and reliability in the ascertainment of guilt and innocence."[5]

Branch offers the out-of-court incident to prove "the credibility of [S.M.'s] testimony that she had assaulted and made false accusations against Branch." But ER 608(b) prohibits the use of extrinsic evidence to prove specific instances of a witness's conduct in order to attack or support the witness's character for truthfulness unless the specific instances are probative of the character for truthfulness or untruthfulness of the witness.

Here, the evidence that S.M. attacked police officers outside of the courtroom and then claimed they were trying to kill her does not show her

---

[3] Jones, 168 Wn.2d at 720; State v. Rafay, 168 Wn. App. 734, 794-95, 285 P.3d 83 (2012).

[4] Donald, 178 Wn. App. at 263.

[5] State v. Finch, 137 Wn.2d 792, 825, 975 P.2d 967 (1999) (citing Chambers v. Mississippi, 410 U.S. 284, 302, 93 S. Ct. 1038, 35 L. Ed. 2d 297 (1973)).

character for truthfulness. Instead of offering evidence of S.M.'s character for truthfulness, which ER 608(b) allows, Branch offered the evidence to show that because S.M. assaulted police and accused a police officer of trying to kill her, she must have assaulted Branch and made false accusations against him. This is propensity evidence.[6] We have previously held that ER 404(b)'s prohibition on the admissibility of third party propensity evidence does not violate a defendant's constitutional right to present a defense.[7] So the trial court's exclusion of evidence of S.M.'s disruptive behavior did not violate Branch's constitutional right to present a defense.

Branch claims that the court incorrectly analyzed whether to allow S.M.'s actions outside of the courtroom because "[r]ather than relying on the rules of evidence, when the constitutional right to present a defense was raised, the court must apply the rules articulated in Darden and Jones." He states that the evidence was "so relevant and so probative" it must be admitted and that this is "precisely the standard in Jones."

Branch's misreads State v. Jones[8] and State v. Darden.[9] In Jones, the defendant, Christopher Jones, was accused of forcibly raping his niece, K.D.[10]

---

[6] Propensity evidence is prohibited where "[e]vidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith." ER 404(b)(1).
[7] Donald, 178 Wn. App. at 263.
[8] 168 Wn.2d 713, 230 P.3d 576 (2010).
[9] 145 Wn.2d 612, 41 P.3d 1189 (2002).

Jones wished to testify that the sexual encounter was consensual and took place during an "all-night, drug-induced sex party" where both Jones and K.D. participated.[11] The trial court ruled that Jones could not so testify and also refused to allow Jones to cross-examine witnesses about the sex party.[12] A jury convicted Jones of second degree rape.[13]

On appeal, the Washington Supreme Court held that the proffered evidence about the night of the alleged rape "is evidence of extremely high probative value; it is Jones's entire defense."[14] The court stated that the rape shield statute did not apply to bar evidence of relevant circumstances in that case because the event was not "past sexual behavior" excluded by the rape shield statute.[15]

Unlike in Jones, the proffered evidence here did not make up Branch's "entire defense." So the evidence of S.M.'s disruptive behavior did not carry the same weight that the evidence did in Jones.[16] And S.M.'s actions did not occur during or in connection with any of the charged crimes.

---

[10] Jones, 168 Wn.2d at 717.
[11] Jones, 168 Wn.2d at 721.
[12] Jones, 168 Wn.2d at 717-18.
[13] Jones, 168 Wn.2d at 718-19.
[14] Jones, 168 Wn.2d at 721.
[15] Jones, 168 Wn.2d at 722.
[16] Jones, 168 Wn.2d at 721.

Similar to Jones, Darden involved the defendant's ability to present evidence about the event giving rise to the criminal charges.[17] Also, the court there stated the relevant evidence should have been admitted at trial because there were "no ground[s] to prevent relevant cross-examination of the State's key witness."[18] But here, ER 404(b) required exclusion of the evidence, and S.M.'s actions did not occur during or in connection with any of the charged crimes.

Branch was still able to present relevant evidence supporting his central defense theory. The Washington Supreme Court recently held that where a defendant was still "able to present relevant evidence supporting her central defense theory" despite limitations placed on proffered testimony by the court's evidentiary rulings, the defendant's Sixth Amendment right to present a defense is not violated.[19] The trial court did not deprive Branch of his constitutional right to present a defense.

Exceptional Sentence

Branch also claims that the trial court had discretion under the Sentencing Reform Act of 1981[20] to impose an exceptional sentence.

---

[17] Darden, 145 Wn.2d at 625 (explaining how where the State charged the defendant with drug possession, the defendant's proffered evidence regarding the officer's surveillance location was admissible).

[18] Darden, 145 Wn.2d at 626.

[19] State v. Arndt, No. 95396-1, slip op. at 31-32 (Wash. Dec. 5, 2019), http://www.courts.wa.gov/opinions/pdf/953961.pdf.

[20] Ch. 9.94A RCW.

Where a defendant has requested an exceptional sentence below the standard range, "review is limited to circumstances where the court has refused to exercise discretion at all or has relied on an impermissible basis for refusing to impose an exceptional sentence below the standard range."[21] "While no defendant is entitled to an exceptional sentence below the standard range, every defendant is entitled to ask the trial court to consider such a sentence and to have the alternative actually considered."[22] Thus, "[t]he failure to consider an exceptional sentence is reversible error."[23] Similarly, "[a] trial court's erroneous belief that it lacks the discretion to depart downward from the standard sentencing range is itself an abuse of discretion warranting remand."[24]

Branch claims that the trial court abused its discretion because it stated that it did not believe it had a legal basis to exercise discretion to sentence him to an exceptional sentence after discussing how his history, including a traumatic brain injury and abuse, may have impacted his ability to have healthy relationships or control himself.

RCW 9.94A.535 provides guidance for mitigating circumstances in sentencing. RCW 9.94A.535(1) provides illustrative mitigating circumstances

---

[21] State v. Garcia-Martinez, 88 Wn. App. 322, 330, 944 P.2d 1104 (1997).
[22] State v. Grayson, 154 Wn.2d 333, 342, 111 P.3d 1183 (2005).
[23] Grayson, 154 Wn.2d at 342.
[24] State v. Bunker, 144 Wn. App. 407, 421, 183 P.3d 1086 (2008) (citing Garcia-Martinez, 88 Wn. App. at 329-30).

and states that they are "illustrative only and are not intended to be exclusive reasons for exceptional sentences."

While "a trial court that has considered the facts and has concluded that there is no basis for an exceptional sentence has exercised its discretion[,]"[25] that did not happen here. The court stated, "[G]iven your history, [the sentencing range] strikes me as too high, but I don't believe that I have a legal basis to exercise discretion to sentence you to something below that." It also stated that Branch's failed defenses was the only mitigating circumstance before it, which it did "not believe that that is an appropriate basis for the Court to grant an exceptional sentence down." These statements show that the court did not believe it had the discretion to impose an exceptional sentence down. Also, the sentencing court's repeated statements that how it wished to exercise discretion to impose an exceptional sentence down by stating "if I had unlimited discretion," we can infer the court understood that it did not have discretion to do so.

In State v. Bunker,[26] the jury found the defendant guilty of violating a no-contact order with Hiatt. Bunker asked the court to impose an exceptional mitigated sentence based on the mitigating factor that Hiatt was a willing participant.[27] The trial court stated, "[U]nfortunately, under the statute and the

---

[25] Garcia-Martinez, 88 Wn. App. at 330.
[26] 144 Wn. App. 407, 411, 183 P.3d 1086 (2008).
[27] Bunker, 144 Wn. App. at 411.

-11-

case law I don't think I have the discretion to impose an exceptional sentence downward. If I did have that discretion, I would probably do it."[28] This court held that while Hiatt's consent was not a defense to the crime charged, the trial court erroneously concluded that it did not have the discretion to consider it as a mitigating factor.[29] While the court here did state that there was no evidence that S.M. consented and, therefore, the consent would not be taken into account in imposing a sentence down, the court's statements about its lack of discretion show that it did not understand that it could consider factors outside of the enumerated factors listed in RCW 9.94A.535(1).

If the sentencing court here had looked at the evidence, analyzed various mitigating factors, then concluded that it did not find any mitigating factors existed for which to impose an exceptional sentence down, then the court would have exercised its discretion. But the court stated various factors that affected Branch's behavior and stated that the sentencing range is too high and it does not believe it has a legal basis to exercise discretion to impose an exceptional sentence down. This shows that the court did not exercise its discretion. We remand so that it can.

---

[28] Bunker, 144 Wn. App. at 411.
[29] Bunker, 144 Wn. App. at 421.

Discretionary Costs

Branch challenges the court's order for him to "[p]ay supervision fees as determined by the Department of Corrections." He claims that he is indigent and because the court "waive[d] any nonmandatory financial penalties" and the community supervision fee is a nonmandatory cost, the court must strike it.

The State asserts that the community supervision fee is a "fee" and not a "cost." We have already held that "costs of community custody . . . are discretionary [legal financial obligations]."[30] And RCW 10.01.160 prohibits courts from imposing discretionary costs on a defendant who is indigent at the time of sentencing.[31] Because Branch is indigent and the community supervision cost is discretionary, we remand for the superior court to strike the community supervision cost.

Statement of Additional Grounds

Branch submitted a statement of additional grounds for review. Under RAP 10.10, a defendant may file a pro se statement of additional grounds for review to identify and discuss those matters that the defendant believes have not been adequately addressed by counsel.[32] We will not consider a defendant's

---

[30] State v. Lundstrom, 6 Wn. App. 2d 388, 396 n.3, 429 P.3d 1116 (2018), review denied, 193 Wn.2d 1007 (2019).
[31] RCW 10.01.160(3); State v. Ramirez, 191 Wn.2d 732, 746, 426 P.3d 714 (2018).
[32] RAP 10.10(a).

statement of additional grounds for review if it does not inform the court of the nature and occurrence of alleged errors.[33] We are also not obligated to search the record for support of claims made in a defendant's statement of additional grounds for review.[34]

In his statement of additional grounds, Branch first asserts that "the prosecutor asked objectionable questions knowing that [S.M.'s] answers would introduce inadmissible evidence into the trial" and that his "trial counsel did not preserve this error for appeal." However, on this point, Branch does not identify any inadmissible evidence introduced by the State.

Branch also asserts, "The prosecutor's behavior violated rape shield as well as the motions in limine." First, Branch may not seek relief for a violation of the rape shield statute because he may not raise claims for third parties. The rape shield statute provides protection to victims, not defendants.[35] Second, Branch does not point to any motions in limine that the prosecutor violated.

Branch claims that the prosecutor discussed his unrelated arrests, violating his right to a fair trial. However, the portions of the record that Branch cites to when he states the prosecutor used S.M.'s health records to discuss his

---

[33] RAP 10.10(c).
[34] RAP 10.10(c).
[35] Jones, 168 Wn.2d at 722.

unrelated arrests relate to hearings that did not take place in front of the jury. So this claim fails.

Finally, Branch states that during S.M.'s testimony, she said she was "planting seeds" of false evidence to control him and stop him from leaving the relationship. But he does not identify or assign any specific error to this testimony, so we will not address this issue.[36]

Supplemental Statement of Additional Grounds

In his supplemental statement of additional grounds for review, Branch claims that the trial court erred by allowing S.M. to testify at trial that "it was not [her] intention to do anything sexual with [Branch]. [She] wanted to talk and that is not what he had in mind." Branch claims that this statement violated ER 403.

ER 403 prohibits the trial court from admitting relevant evidence "if its probative value is substantially outweighed by the danger of unfair prejudice." "'[U]nfair prejudice' is that which is more likely to arouse an emotional response than a rational decision by the jury'" and "suggest[s] a decision on an improper basis."[37] "[N]early all evidence will prejudice one side or the other," and

---

[36] RAP 10.10(c) ("[T]he appellate court will not consider a defendant's statement of additional grounds for review if it does not inform the court of the nature and occurrence of alleged errors.").

[37] State v. Cronin, 142 Wn.2d 568, 584, 14 P.3d 752 (2000) (first alteration in original) (quoting State v. Gould, 58 Wn. App. 175, 183, 791 P.2d 569 (1990)).

"[e]vidence is not rendered inadmissible under ER 403 just because it may be prejudicial."[38]

A trial court sits in the best position to determine the prejudicial effect of evidence.[39] This court reviews a trial court's decision to admit or exclude evidence for abuse of discretion.[40] A trial court abuses its discretion when it makes a manifestly unreasonable decision or bases its decision on untenable grounds or reasons.[41]

To convict Branch of domestic violence misdemeanor violation of a court order, the State had to prove that a no-contact order was in place, that Branch knew of the no-contact order, and that he knowingly violated the order prohibiting contact with S.M.[42]

Here, the trial court did not abuse its discretion in allowing S.M.'s statement under ER 403. The evidence that Branch intended to be with S.M. while she was in the hospital and in violation of the no-contact order had probative value, and the statement expressly contradicted Branch's defense, which was that S.M. was the provoker. And S.M.'s statement that "I wanted to talk and that is not what he had in mind" does not in and of itself express that

---

[38] Carson v. Fine, 123 Wn.2d 206, 224, 867 P.2d 610 (1994).
[39] State v. Powell, 166 Wn.2d 73, 81, 206 P.3d 321 (2009).
[40] State v. Gunderson, 181 Wn.2d 916, 922, 337 P.3d 1090 (2014).
[41] Gunderson, 181 Wn.2d at 922.
[42] RCW 26.50.110(1)(a)(iii).

Branch was "sexually abusing [S.M.] in the psych ward," as Branch claims. Also, S.M. had already testified that Branch was in the bathroom with her on that date with his pants down before the court admitted the challenged statement. So in light of all the evidence, S.M.'s statement was not unduly prejudicial. The trial court did not abuse its discretion by allowing S.M.'s statement.

## CONCLUSION

We remand for resentencing. Branch does not show that the trial court erred by excluding evidence of S.M.'s behavior outside the courtroom. But the trial court erroneously understood that it did not have discretion to impose an exceptional sentence down. Finally, because Branch is indigent, the trial court should not have imposed the supervision costs.

_Leach, J._

WE CONCUR:

_____

_Appelwick, C.J._