# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON, | No. 53109-7-II |
| Respondent, | |
| v. | UNPUBLISHED OPINION |
| ERIC GILLEN, | |
| Appellant. | |

MAXA, J. – Eric Gillen appeals certain legal financial obligations (LFOs) imposed following his convictions of unlawful possession of methamphetamine with intent to deliver and three counts of bail jumping. He claims that the trial court should not have imposed supervision fees determined by the Department of Corrections (DOC) and improperly imposed interest on his LFOs. We remand for the trial court to reevaluate the imposition of supervision fees and to strike the interest accrual provision regarding nonrestitution LFOs from the judgment and sentence.

## FACTS

In January 2019, a jury found Gillen guilty of unlawful possession of methamphetamine with intent to deliver and three counts of bail jumping. At sentencing, the trial court did not make findings of fact regarding Gillen's present and future ability to pay LFOs. But the court

imposed only the mandatory victim assessment fee of $500, thereby waiving all discretionary costs.

However, the trial court without comment did not strike from the judgment and sentence a preprinted provision requiring Gillen to "pay supervision fees as determined by DOC." Clerk's Papers (CP) at 88. And the court did not strike a preprinted provision stating: "The financial obligations imposed in this judgment shall bear interest from the date of the judgment until payment in full, at the rate applicable to civil judgments." CP at 90.

Gillen appeals the imposition of supervision fees and the interest accrual provision regarding LFOs.

ANALYSIS

A. SUPERVISION FEES

Gillen argues that the trial court erred in imposing supervision fees as determined by DOC because he is indigent. We disagree.

RCW 9.94A.703(2)(d)[1] governs the community custody supervision assessment and states, "Unless waived by the court, as part of any term of community custody, the court shall order an offender to . . . [p]ay supervision fees as determined by the [DOC]." This court has held that community custody supervision fees are discretionary LFOs. *State v. Lundstrom*, 6 Wn. App. 2d 388, 396 n.3, 429 P.3d 1116 (2018), *review denied*, 193 Wn.2d 1007 (2019).

---

[1] RCW 9.94A.703 has been amended since the events of this case transpired. Because these amendments are not material to this case, we do not include the word "former" before RCW 9.94A.703.

Gillen relies on RCW 10.01.160(3)[2], which states, "The court shall not order a defendant to pay costs if the defendant at the time of sentencing is indigent as defined in RCW 10.101.010(3)(a) through (c)." However, a fee is not a "cost" under RCW 10.01.160(3) just because it is a discretionary financial obligation. RCW 10.01.160(2) defines "cost" as an expense specially incurred by the State to prosecute the defendant, to administer a deferred prosecution program, or to administer pretrial supervision. The supervision fee is not a "cost" under this definition. Therefore, RCW 10.01.160(3) does not prohibit the imposition of supervision fees on an indigent defendant.

However, we acknowledge that the imposition of LFOs on indigent defendants can create a significant hardship. *See State v. Blazina*, 182 Wn.2d 827, 835-37, 344 P.3d 680, 683 (2015) The court in *State v. Clark* emphasized that there are strong policy arguments in favor of considering an indigent defendant's ability to pay discretionary LFOs even when such consideration is not required. 191 Wn. App. 369, 376, 362 P.3d 309 (2015). And under RCW 9.94A.703(2)(d) the trial court has discretion to waive the supervision fee.

Here, it is unclear whether the trial court actually intended to impose supervision fees as an LFO. Therefore, we encourage the court on remand to reevaluate the imposition of the supervision fees.

B.      INTEREST ACCRUAL PROVISION

Gillen claims, and the State concedes, that the trial court erred in imposing interest on his LFOs because the legislature amended RCW 10.82.090 in 2018 to eliminate interest accrual on nonrestitution portions of LFOs. We agree.

---

[2] RCW 10.01.160 has been amended since the events of this case transpired. Because these amendments are not material to this case, we do not include the word "former" before RCW 10.01.160.

The statutory language is unambiguous: "As of June 7, 2018, no interest shall accrue on nonrestitution legal financial obligations." RCW 10.82.090(1). Gillen was convicted and sentenced after June 7, 2018. Therefore, we remand for the trial court to strike the interest accrual provision regarding nonrestitution LFOs from the judgment and sentence.

## CONCLUSION

We remand for the trial court to reevaluate its decision to impose supervision fees and to strike the interest accrual provision regarding nonrestitution LFOs from the judgment and sentence.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

MAXA, J.

We concur:

LEE, C.J.

SUTTON, J.