# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION  II

| | |
|---|---|
| STATE OF WASHINGTON,<br><br>Respondent,<br><br>v.<br><br>SEAN COLE MORGAN,<br><br>Appellant. | No.  53719-2-II<br><br><br>UNPUBLISHED OPINION |

LEE, C.J. — Sean C. Morgan appeals the imposition of community custody supervision fees as a legal financial obligation (LFO). The State concedes that the inclusion of the community custody supervision fee in the judgment and sentence was an error.  We accept the State's concession and remand for the trial court to strike the imposition of the community custody supervision fee from Morgan's judgment and sentence.

## FACTS

On May 7, 2019, Morgan pleaded guilty to two counts of indecent exposure with sexual motivation, one count of indecent exposure, and one count of driving while license suspended or revoked in the third degree.  At sentencing, the trial court found that Morgan was indigent and did not have the ability to pay his LFOs, and that it would only impose a crime victim assessment fee. However, the trial court ordered that Morgan pay a crime victim assessment fee and community

custody supervision fees as determined by the Department of Corrections (DOC) in Morgan's judgment and sentence.

## ANALYSIS

Morgan argues, and the State concedes, that the trial court erred by ordering Morgan, who is indigent, to pay community custody supervision fees after stating that it would impose only the mandatory crime victim assessment fee. We agree.

Community custody supervision fees are authorized under RCW 9.94A.703(2)(d), which states, "Unless waived by the court, as part of any term of community custody, the court shall order an offender to . . . [p]ay supervision fees as determined by the [DOC]." Because the sentencing court can waive these fees, they are discretionary LFOs. *State v. Lundstrom*, 6 Wn. App. 2d 388, 396 n.3, 429 P.3d 1116 (2018), *review denied*, 193 Wn.2d 1007 (2019).

Here, the record shows that the trial court found Morgan to be indigent, intended to waive all discretionary fees, and intended to impose only the crime victim assessment fee, which is mandatory. Therefore, we accept the State's concession that the community custody supervision fee should be stricken. Accordingly, we remand for the trial court to strike the imposition of community custody supervision fees from Morgan's judgment and sentence.

No. 53719-2-II

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

Lee, C.J.

We concur:

Worswick, J.

Sutton, J.