# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON, | No. 54422-9-II |
| Respondent, | |
| v. | |
| EDGAR CONCEPCION LUGO, | UNPUBLISHED OPINION |
| Appellant. | |

GLASGOW, A.C.J.—Edgar Concepcion Lugo pleaded guilty to first degree murder after he killed his mother. He appeals his sentence, arguing that the trial court erred by ordering Lugo to pay community custody supervision fees without analyzing his ability to pay and by not specifically denoting on the judgment and sentence that no legal financial obligations may be collected from United States Social Security Administration disability funds. We disagree and affirm.

## FACTS

Lugo pleaded guilty to first degree murder with a domestic violence designation after killing his mother. The trial court sentenced Lugo to 361 months in prison. The trial court found Lugo indigent under RCW 10.101.010(3)(c) based on his annual income and imposed the mandatory $500 victim assessment and restitution. The trial court also allowed the Department of Corrections to assess supervision fees at its discretion. Lugo appeals his sentence.

ANALYSIS

I. SUPERVISION FEES

Lugo argues that the trial court erred by imposing community custody supervision fees because he is indigent. Because community custody supervision fees are not costs, we disagree.

RCW 10.01.160(3) and RCW 9.94A.760(1) prohibit a sentencing court from ordering a defendant to pay discretionary costs if a defendant is indigent as defined in RCW 10.101.010(3)(a) through (c). RCW 9.94A.703(2)(d) governs supervision fees and states, "Unless waived by the court, as part of any term of community custody, the court shall order an offender to . . . [p]ay supervision fees as determined by the [Department of Corrections]." The supervision fee is a discretionary financial obligation. *State v. Lundstrom*, 6 Wn. App. 2d 388, 396 n.3, 429 P.3d 1116 (2018), *review denied*, 193 Wn.2d 1007 (2019).

The supervision fee is not a discretionary "cost" merely because it is a discretionary financial obligation. *E.g.*, *State v. Starr*, 16 Wn. App. 2d 106, 109, 479 P.3d 1209 (2021). The supervision fee fails to meet the RCW 10.01.160(2) definition of a "cost" because it is not an "expense specially incurred by the State to prosecute the defendant, to administer a deferred prosecution program, or to administer pretrial supervision." *Id*. Because the supervision fee is not a "cost" as defined under RCW 10.01.160(2), the statutes do not prohibit the trial court from imposing the supervision fee even where a defendant is indigent. *Id*. Thus, the trial court had discretion to impose the supervision fee.

Although Lugo asserts that the trial court failed to analyze his ability to pay, the trial court indicated on the judgment and sentence that Lugo was indigent based on his annual income. Lugo also contends that the trial court nevertheless intended to waive the discretionary supervision fee,

and this court should remand to strike the supervision fee from his judgment and sentence. But the trial court did not indicate any intent to waive non-cost discretionary financial obligations generally or the supervision fee in particular. We decline to remand to strike the supervision fee provision from the judgment and sentence.

## II. SOCIAL SECURITY

Lugo also argues that remand is necessary for modification of the judgment and sentence to clarify that Social Security benefits may not be attached, garnished, or otherwise encumbered for the collection of legal financial obligations. We disagree.

We review a court's imposition of legal financial obligations for an abuse of discretion. *State v. Clark*, 191 Wn. App. 369, 372, 362 P.3d 309 (2015). Discretion is abused if "it is manifestly unreasonable or based on untenable grounds or reasons. . . . Stated differently, the court's exercise of discretion is unreasonable when it is premised on a legal error." *State v. Ramirez*, 191 Wn.2d 732, 741, 426 P.3d 714 (2018).

Interpreting the Social Security Act's antiattachment statute, 42 U.S.C. § 407(a), the Washington Supreme Court has held that "Social Security moneys cannot be reached to satisfy a debt." *State v. Catling*, 193 Wn.2d 252, 260, 438 P.3d 1174 (2019). Indeed, the statute provides:

> The right of any person to any future payment under this subchapter shall not be transferable or assignable, at law or in equity, and none of the moneys paid or payable or rights existing under this subchapter shall be subject to execution, levy, attachment, garnishment, or other legal process, or to the operation of any bankruptcy or insolvency law.

42 U.S.C. § 407(a).

In *Catling*, the trial court issued an order requiring an indigent defendant to pay $25 per month to satisfy legal financial obligations. 193 Wn.2d at 256. The Supreme Court held that the

payment order violated § 407(a) where the defendant's only income was Social Security disability benefits. *Id*. at 264-65. The *Catling* court remanded to the trial court for a revision of the judgment and sentence to provide that the legal financial obligations "may not be satisfied out of any funds subject to the Social Security Act's antiattachment statute." *Id.* at 266. The *Catling* court explained, however, that it was not improper for the trial court to impose a legal financial obligation in the first instance. *Id*. at 264-65.

In this case, the trial court imposed the crime victim assessment, restitution, and supervision fee. Under *Catling*, imposition of these legal financial obligations is not prohibited, even where the defendant is currently collecting Social Security disability benefits. *Id.*

Here, Lugo cannot collect Social Security disability benefits during his lengthy prison sentence. 42 U.S.C. § 402(x)(1)(A)(i). Moreover, unlike *Catling*, the trial court did not set a payment schedule that would run afoul of § 407, and the record contains no evidence that the Department of Corrections has done so. Because there is no payment order that implicates any Social Security benefits, Lugo's judgment and sentence does not violate the antiattachment statute, and we cannot say that the trial court abused its discretion.

Remand to add language to Lugo's judgment and sentence is not necessary. This holding does not preclude Lugo from challenging any unlawful attachment of Social Security disability benefits in the future.

We affirm.

No. 54422-9-II

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

Glasgow, A.C.J

We concur:

Cruser, J.

Veljacic, J.